# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case Nos. 3:10-cr-13 & 3:13-cr-179
                                                              Also Case No. 3:15-cv-356

                                                              District Judge Walter Herbert Rice
-  vs  -                                          Magistrate Judge Michael R. Merz

MARK RUTLEDGE,

                Defendant.      :

## REPORT AND RECOMMENDATIONS ON MOTIONS FOR RECONSIDERATION

These cases are before the Court on Defendant's Motion for Reconsideration of the Court's adoption of the Magistrate Judge's Report and Recommendations recommending denial of Defendant's § 2255 Motion. Defendant claims that he did not receive the Report and Recommendations, even though the docket in both these cases reflects that it was served on him on the date of filing.

Because the Motion for Reconsideration was filed two weeks after judgment, it can be considered as a timely motion to amend the judgment under Fed. R. Civ. P. 59(e). This will preserve Defendant's right to appeal since the time for appeal will not begin to run until Judge Rice decides this Motion.

1

Defendant did not file any objections with his Motion, so he was ordered to supplement the Motion with his proposed objections (3:10-cr-13, Order to Supplement, ECF No. 101)(3:13-cr-179, ECF No. 45) which he has now done (3:10-cr-13, ECF No. 102) (3:13-cr-179, ECF No. 46).[1]  To prevail on a motion to alter or amend a judgment, a party must show either new evidence or a manifest error of law. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted).

The Report recommended denial of Rutledge's § 2255 Motions on initial review under Rule 4(b) of the Rules Governing § 2255 Cases.  Thus there is no response to the Motions from the United States, which is not required to answer except on order from the Court.

Rutledge claimed in the Motions that he was assessed two points in the Presentence Investigation Report ("PSI") in his 2010 case related to a conviction in the Common Pleas Court which has now been vacated in part.  The Report found that "Judge Rice effectively eliminated the two-point assessment altogether" in imposing sentence  (Report, ECF No. 98, PageID 235). The Report also found that the two points in question were not "re-assessed" in the 2013 PSI.  *Id.* at PageID 236.  The Report further determined Rutledge had forfeited his claims by not objecting to the PSI when he was sentenced and not appealing from the judgment. *Id.*  at PageID 236-37. As such, the Motions were found barred by the statute of limitations. *Id.*  at PageID 237.

Rutledge objects that the record nowhere shows Judge Rice "declar[ed] these two points invalid, as claimed [sic] by the magistrate judge." (Objections, ECF No. 102, PageID 247.)  The point made in the Report is not that Judge Rice "invalidated" this two-point assessment, but that the error, if there was one, had no impact on the sentence because Judge Rice reduced Rutledge's criminal history score to 3, resulting in a Guideline Sentence range of 57 to 71 months and

---

[1] For ease of citation, unless otherwise noted, ECF references are to case 3:10-cr-13.

2

imposed a sentence of time-served, considerably less than the bottom of that guideline range (Report, ECF No. 98, PageID 235).

Rutledge objects that this reduction is nowhere found in the record (Objections, ECF No. 102, PageID 247). To the contrary, the Report cites the precise place in the record where the reduction happened, to wit, in the Statement of Reasons for Sentence (Report, ECF No. 102, citing ECF No. 76, PageID 167).

Rutledge claims that if the two points for committing the offense while on post-release control were actually eliminated, his Guideline Sentencing Range would be 51 to 63 months, instead of the 57 to 71 months actually calculated by Judge Rice. As the Report shows, Rutledge actually served considerably less than 51 months (ECF No. 98, PageID 235, note 3).

Rutledge objects that his claims are not barred by his failure to object, his failure to appeal, or the statute of limitations because "all parties had no knowledge of the voidness of the state court judgment, which illegally imposed post-release control" until July 22, 2015, when Judge Singer entered his order in the Common Pleas Case (Objections, ECF No. 102, PageID 248).

As the Report notes, Judge Gregory Singer[2] of the Montgomery County Common Pleas Court entered an order on July 22, 2015, deciding a July 2, 2015, motion filed by Rutledge to have the 1999 criminal judgment voided. In his Order (in the record as ECF No. 97-1, PageID 228-31), Judge Singer found that post-release control had been improperly imposed in the 1999 judgment, not because Rutledge was not subject to post-release control, but because of the way in which it was imposed. He further found the judgment could not be corrected to re-impose

---

[2] In one place in the Report, Judge Singer is referred to, mistakenly, as Judge Langer. Judge Dennis Langer is a different Montgomery County Common Pleas Judge from Judge Gregory Singer. Judge Singer had the motion as successor to Judge Mary Donovan. Judge Langer had no involvement in the matter

post-release control with proper notice because Rutledge had already served his term of incarceration and the Common Pleas Court thereby lost jurisdiction.

Rutledge's argument confounds knowledge of the voidness of the post-release control sentence with declaration of that voidness.  As the Report notes, the issue of the proper form of notice of post-release control has been an issue in the Ohio Common Pleas Courts for many years.  The current governing precedent, cited by Judge Singer, is *State v. Fischer*, 128 Ohio St. 3d 92 (2010).  Thus the argument about voidness of imposition of post-release control has been available to Ohio defendants for many years.  The fact that Rutledge chose not to raise the argument until his July 2, 2015, motion does not excuse his lack of diligence in learning about the argument.  The argument could have been made at sentencing, on appeal, or by § 2255 motion anytime within one year from the time judgment was entered in the 2010 case.

Rutledge argues the order from Judge Singer is a "new fact" which starts the statute of limitations running again under 28 U.S.C. § 2255(f)(4).  But that statute only applies when a defendant has exercised due diligence in discovering the facts supporting his claim.  *Fischer* has been on the books since 2010 and issues relating to the form of judgment imposing post-release control have been available since well before *Fischer*.

Rutledge next objects that the Magistrate Judge has misread his claim about the 2013 judgment by finding the two points for the 1999 conviction were not re-assessed in the 2013 PSI (Objections, ECF No. 102, PageID 249).  Instead, he says, his 2013 sentence was improperly "enhanced" by the 1999 conviction which has now been held to be void in part and a "non-final appealable order." *Id.* at PageID 250.  He notes that federal convictions cannot be enhanced on the basis of state convictions which are not final in the sense that they are still subject to attack

4

on direct appeal. *Id.* at PageID 250-51, citing *Adams v. United States,* 622 F.3d 608, 612 (6th Cir. 2010), and *United States v. Meraz*, 998 F.2d 182, 184 (3rd Cir. 1993).

This argument confuses finality for federal sentencing purposes and non-appealability under Ohio law. Rutledge's Motion in Common Pleas raised four objections to the form of the judgment in his 1999 case. Judge Singer found his court was without jurisdiction to consider three of those claims precisely because they were final and reconsideration was barred by *res judicata.* (ECF No. 97-1, PageID 229). As to the post-release control claim, Judge Singer found that portion of the judgment was void, but he never held the original judgment had not been appealable, even though Rutledge apparently asked for that relief. Rutledge claims his Common Pleas conviction is still subject to attack on direct appeal, but he provides no authority in support of that proposition. So far as this Court can determine, his time to appeal expired thirty days after the judgment was entered on August 8, 2000. See Ohio R. App. P. 4(A)(1). If Rutledge is contending that the judgment became newly-appealable when Judge Singer entered his Order in July 2015, it is now well past thirty days after that Order was entered.

**Conclusion**

Having reconsidered the case in light of Rutledge's Objections, it is respectfully recommended that his Motion for Reconsideration (3:10-cr-13, ECF No. 100)(3:13-cr-179, ECF No. 44) be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 4, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).