# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case Nos. 3:10-cr-13 & 3:13-cr-179
                                            Also Case No. 3:15-cv-356

                                            District Judge Walter Herbert Rice
   -  vs  -                                   Magistrate Judge Michael R. Merz

MARK RUTLEDGE,

           Defendant.    :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

       This § 2255 case is before the Court on Defendant Rutledge's Second Pro-Se Objection to Magistrate's Report and Recommendations After the Denial of Petitioner's Timely-Filed Motion to Stay the Proceeding Until Production of Needed Court Records (Case No. 3:10-cr-13, ECF No. 108). Judge Rice has recommitted the matter for reconsideration in light of the second Objections (Case No. 3:10-cr-13, ECF No. 111).

**Procedural History**

       On January 14, 2015, Judge Rice revoked Rutledge's supervised release in Case 3:10-CR-013 and sentenced him to time served in pre-hearing confinement (November 26, 2013, to January 14, 2015)(Decision and Entry, ECF No. 96, PageID 222). On the same date, Judge Rice

sentenced Rutledge to 120 months in Case No. 3:13-cr-179. *Id.* Rutledge had admitted the supervised release violation. *Id.* Although his appeal rights were explained to him, he took no appeal. Instead, he later filed a Motion to Vacate under 28 U.S.C. § 2255 in both cases (Case No. 3:10-cr-13 ,ECF No. 97 and Case No. 3:13-cr-179, ECF No. 41 ).

On October 7, 2015, the Magistrate Judge filed a Report and Recommendations in both cases recommending dismissal with prejudice and notifying Rutledge that his objections, if any, were required to be filed not later than seventeen days later, on or by October 26, 2015 (the "Report," Case No. 3:10-cr-13, ECF No. 98 and Case No. 3:13-cr-179, ECF No. 42 ). When no objections had been filed by November 3, 2015, eight days after the deadline, Judge Rice adopted the Report and dismissed the Motion to Vacate (Case No. 3:10-cr-13, ECF No. 99 and Case No. 3:13-cr-179, ECF No. 43).

Two weeks later Rutledge filed a Motion for Reconsideration (Case No. 3:10-cr-13, ECF No. 100 and Case No. 3:13-cr-179, ECF No. 44 ). He asserted he had never received the Report and asked for additional time to object. The Magistrate Judge allowed Rutledge to file any objections he might have to the Report by December 7, 2015, which he did (Case No. 3:10-cr-13 , ECF No. 102 and Case No. 3:13-cr-179, ECF No. 46). The Magistrate Judge then filed a Report and Recommendations on the Motion for Reconsideration, again recommending dismissal with prejudice of both cases (Case No. 3:10-cr-13, ECF No. 105 and Case No. 3:13-cr-179, ECF No. 49 ).

This time instead of objecting Rutledge moved to stay the objection period until he had been given the records he had demanded (Case No. 3:10-cr-13 , ECF No. 106 and Case No. 3:13-cr-179, ECF No. 50 ). The Magistrate Judge denied both the stay and the documents (Case No. 3:10-cr-13 ,ECF No. 107 and Case No. 3:13-cr-179, ECF No. 51 __ ) and Rutledge

2

responded with the instant Objections (Case No. 3:10-cr-13, ECF No. 108 and Case No. 3:13-cr-179, ECF No. 52).

# Analysis

**First Objection**

Rutledge claimed that his criminal history score in the 2010 case should have been a 2 rather than a 3 because he was assessed two guideline points for committing the 2010 offense while on post-release control in *State v. Rutledge*, Case No. 1999 CR 3493 (Mont. Cty. CP Ct.). Judge Mary Donovan had imposed post-release control when Rutledge was originally sentenced in the state case.  By the time Rutledge complained of that imposition in July 2015, Judge Gregory Singer had succeeded Judge Donovan and found the notice of post-release control had been improper.  The usual procedure in Ohio courts when a notice of post-release control was improperly given has been to re-impose post-release control on the defendant with proper notice. *State v. Fischer*, 2010-Ohio-6238, ¶ 26, 128 Ohio St. 3d 92, 99 (2010).  However, by the time Rutledge filed his motion, sixteen years after he was sentenced, Judge Singer found his court no longer had jurisdiction to re-impose post-release control because Rutledge had already served the entire incarceration portion of his sentence.  Judge Singer ordered the judgment in *State v. Rutledge* amended "to state that the Defendant is not subject to supervision on post-release control."  (Case No. 3:10-cr-13, Copy attached to § 2255 Motion, ECF No. 97-1, PageID 228-31).  Indeed Judge Singer found that portion of the judgment which imposed post-release control was void.

At the time Rutledge committed the offense charged in the 2010 case (November 6, 2008), he was in fact being supervised by state authorities as if he were on post-release control. He did not raise the claim that the post-release control was void until almost seven years later. In fact, he did not raise that claim in this Court at the time of sentencing in the 2010 case (Minute Entry, ECF No. 74).

In the Report, the Magistrate Judge concluded that it was immaterial whether the two points were properly assessed or not. Because Judge Rice found that the Guideline calculation performed by the Probation Department "significantly over represents the seriousness of past criminal conduct and likelihood of recidivism," he reduced the guideline range to 57 to 71 months, but then sentenced Rutledge below the Guideline range to 414 days, the time he had already served (Report, Case No. 3:10-cr-13, ECF No. 98, PageID 235). Rutledge now objects that "[t]his last position of the magistrate totally misses the point of law" and he is entitled to a corrected PSI Report, to a finding that he has been sentenced on the wrong criminal history score, and that he is entitled to be resentenced. (Second Pro-Se Objections, Case No. 3:10-cr-13, ECF No. 108, PageID 271 and Case No. 3:13-cr-179, ECF No. 52, PageID 351).

Rutledge is not entitled to the relief he demands for the following reasons:

1. Although the post-release control in the 1999 case was void, it had not been declared void at the time sentence was imposed in the 2010 federal case. Rutledge could have raised the voidness claim at the time of sentence and this Court could have decided the state law question. Because Rutledge did not raise the claim at that time, he has forfeited it.

2. There is no federal right to retroactive amendment of a presentence investigation report.

3. Correction of a sentence for Guideline violations is not available relief under 28 U.S.C. § 2255. Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral

4

review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

4. Any error in calculation of the guideline sentencing range was harmless because Judge Rice imposed a sentence of 414 days.  If the two points had been eliminated, the guideline sentencing range would have been 51 to 63 months; 414 days is less than 14 months, less than a third of the bottom of the guideline range which Rutledge argues should have applied.

5. Rutledge's § 2255 Motion as to the 2010 case is barred by the statute of limitations.  As calculated in the Report, the judgment in that case became final February 14, 2012, but the Motion was not filed until October 5, 2015, well over two years after the statute expired.

**Second Objection**

Rutledge believes he has now proved that his 1999 state conviction is not final (Second Pro-Se Objections, Case No. 3:10-cr-13, ECF No. 108, PageID 271 and Case No. 3:13-cr-179, ECF No. 52, PageID 351).  He bases this on his interpretation of Judge Singer's July 22, 2015, Order in the 1999 Common Pleas Case.  That Order, as quoted in the Report, found the post-release control portion of the judgment void and amended the judgment to eliminate that portion (Case No. 3:10-cr-13, ECF No. 98, PageID 233-34).  Judge Singer concluded "[i]n all other regards, Defendant's Motion is OVERRULED." *Id.*  Acting entirely in accord with *State v. Fischer, supra*, Judge Singer only invalidated the post-release control portion of the criminal judgment.  He specifically held that the other three issues raised by Rutledge were barred from consideration by *res judicata.*  Thus the judgment was not reopened in the other three aspects

5

Rutledge sought. The post-release control portion of the judgment was finally voided and therefore appealable in July 2015, but Rutledge had no appealable issue because he had won on that claim.

Despite Rutledge's insistence to the contrary, there is nothing in Judge Singer's Order which holds any part of the criminal judgment was ever a non-final and therefore unappealable order under Ohio law. Rutledge accuses the Magistrate Judge of putting words in Judge Singer's mouth (Second Pro-Se Objections, Case No. 3:10-cr-13, ECF No. 108, PageID 274 and Case No. 3:13-cr-179, ECF No. 52, PageID 354), but it is Rutledge who does so. Judge Singer simply does not use those words except when quoting the title of Rutledge's filing (See Order, Case No. 3:10-cr-13, Attachment to ECF No. 97).

Lastly, Rutledge objects that his Common Pleas conviction is still not "final." The Court does not understand what portion of that judgment Rutledge believes is not final. In ruling on the July 2015 motion, Judge Singer found his consideration of three of the four branches was barred by *res judicata*. That finding implies that the judgment on those three matters was already final. The meaning of *res judicata* is that the matter has already been adjudicated and is not open for further adjudication. Hence, it is "final."

As to the portion of his Motion on which Rutledge was successful – the post-release control portion – that portion was final when Judge Singer entered his Order. Rutledge won on the post-release control question, so he would have had nothing to complain about on appeal. That is, there was a final appealable order, but it was favorable to Rutledge. The State could have appealed but chose not to do so. On the other three portions, -- the branches of his motion on which he lost -- Rutledge could have appealed, but did not do so. As pointed out in the

6

Report, the time for appeal expired thirty days after Judge Singer entered his Order and neither party -- Rutledge or the State -- has a right to appeal at this time.

Rutledge cites *State v. Mitchell*, 187 Ohio App. 3d 315 (6th Dist. 2010), as authority for the proposition that a defendant has the right to appeal after his sentencing entry has been corrected to comply with Ohio R. Crim. P. 32(C). The case does stand for that proposition. It may well be that, after Judge Singer corrected the 1999 judgment, Rutledge would have had a right to appeal the whole conviction if *State v. Simpkins*, 117 Ohio St. 3d 420 (2008), relied on by the *Mitchell* court, were still the law in Ohio. But it is not. In a case that was pending on appeal to the Ohio Supreme Court when *Mitchell* was decided, that court held that correction of a void judgment by correcting the void portion did not reopen the whole judgment for appeal. *State v. Fischer*, 128 Ohio St. 3d 92 (2010). Judge Rice has expressly applied *Fischer* to reject the reopening argument Rutledge makes. *Mackey v. Brunsman*, 2011 U.S.Dist. LEXIS 158100 (S.D. Ohio June 30, 2011), affirmed *Mackey v. Warden*, 2013 U.S. App. LEXIS 9551 (6th Cir. May 9, 2013).

**Conclusion**

Based on the foregoing analysis, Rutledge's Second Pro-Se Objections should be OVERRULED and the Court should deny further reconsideration of its Decision and Entry dismissing this case. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 8, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).