IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA, :

    Plaintiff/Respondent,

:    Case Nos. 3:10-cr-13, 3:13-cr-179, 3:15-cv-356

    v.    JUDGE WALTER H. RICE

MARK RUTLEDGE, :

    Defendant/Petitioner.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOCS. ##105, 112 IN CASE NO. 3:10-cr-13; DOCS. ##49, 56 IN CASE NO. 3:13-cr-179); SUSTAINING IN PART AND OVERRULING IN PART PETITIONER'S OBJECTIONS THERETO (DOCS. ##102, 108, 113 IN CASE NO. 3:10-cr-13; DOCS. ##46, 52, 57 IN CASE NO. 3:13-cr-179); OVERRULING PETITIONER'S MOTIONS FOR RECONSIDERATION (DOC. #100 IN CASE NO. 3:10-cr-13; DOC. #44 IN CASE NO. 3:13-cr-179); OVERRULING IN PART AND SUSTAINING IN PART PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S DECISION AND ORDER DENYING MOTIONS FOR EVIDENTIARY HEARING (DOC. #114 IN CASE NO. 3:10-cr-13; DOC. #58 IN CASE NO. 3:13-cr-179); ABOVE-CAPTIONED CASES TO REMAIN TERMINATED ON COURT'S DOCKET

---

On January 31, 2012, in Case No. 3:10-cr-13, Petitioner Mark Rutledge, having pled guilty to drug trafficking charges, was sentenced to time served, followed by 10 years of supervised release. Three years later, he pled guilty to new drug trafficking charges in Case No. 3:13-cr-179, and, on March 13, 2015,

he was sentenced to 120 months imprisonment, followed by 10 years of supervised release.

Because Rutledge committed the new crime while on supervised release in the earlier case, the Court also revoked his supervised release in Case No. 3:10-cr-13, and sentenced him to time served--a period of 414 days--to run consecutively to the 120-month sentence, to be followed by a 10-year period of supervised release (less the 414 days), which would run concurrent with the 10-year period of supervised release imposed in Case No. 3:13-cr-179.

In July of 2015, Rutledge challenged an unrelated criminal judgment that was entered in the Montgomery County Court of Common Pleas in 2000. In that case, Rutledge was sentenced to eight years in prison for possession of crack cocaine and tampering with evidence. Although the judgment entry also stated that he was subject to post-release control upon the completion of his sentence, he was not notified of this fact at the sentencing hearing, as required by Ohio Revised Code § 2929.19.

On July 22, 2015, Judge Gregory Singer issued an Order, acknowledging that, because the court had not properly notified Rutledge of this fact, the portion of the sentence ordering post-release control must be deemed void. Because Rutledge had already served his entire sentence, the court no longer had jurisdiction to resentence him to any post-release control. Judge Singer therefore ordered that the termination entry be amended to state that Rutledge was not

subject to supervision on post-release control. Doc. #97-1, PageID##228-30 in Case No. 3:10-cr-13; Doc. #41-1, PageID##308-10 in Case No. 3:13-cr-179.

At issue in this case is the effect of Judge Singer's order on Rutledge's earlier federal sentences imposed in Case No. 3:10-cr-13, Case No. 3:13-cr-179, and on the supervised release revocation in Case No. 3:10-cr-13. Rutledge filed Motions to Correct Illegal Sentence Pursuant to 28 U.S.C. § 2255(f)(4) in both of his federal criminal cases. Doc. #97 in Case No. 3:10-cr-13, and Doc. #41 in Case No. 3:13-cr-179. He points out that this Court, in sentencing him in January of 2012, in Case No. 3:10-cr-13, added two criminal history points to his Criminal History calculation for committing that crime while on post-release control in the state court case. He claims that this calculation also impacted the sentences imposed on March 31, 2015, for the new drug trafficking crime in Case No. 3:13-cr-179, and for the supervised release violation in Case No. 3:10-cr-13. Because the portion of the state judgment imposing post-release control has now been voided, Rutledge argues that he should be resentenced on all of these federal charges.

I.  Additional Procedural History

On October 7, 2015, United States Magistrate Judge Michael R. Merz issued a Report and Recommendations, recommending that Petitioner's Motions to Correct Illegal Sentences Pursuant to 28 U.S.C. § 2255(f)(4) be dismissed. Doc. #98 in Case No. 3:10-cr-13, and Doc. #42 in Case No. 3:13-cr-179. Petitioner

failed to file any Objections. Accordingly, on November 3, 2015, the Court issued a Decision and Entry adopting the Report and Recommendations, and dismissed with prejudice Petitioner's § 2255 motions. Doc. #99 in Case No. 3:10-cr-13; Doc. #43 in Case No. 3:13-cr-168.

Thereafter, Petitioner filed Motions for Reconsideration (Doc. #100 in Case No. 3:10-cr-13; Doc. #44 in Case No. 3:13-cr-179), claiming that he had not received a copy of the Report and Recommendations. At his request, the Court granted him an extension of time to file Objections to the Report and Recommendations. Petitioner filed his Objections on December 3, 2015. Doc. #102 in Case No. 3:10-cr-13; Doc. #46 in Case No. 3:13-cr-179.

On December 7, 2015, Magistrate Judge Merz issued a Report and Recommendations on the Motions for Reconsideration, construing them as timely motions to amend the judgment under Fed. R. Civ. P. 59(e). Doc. #105 in Case No. 3:10-cr-13; Doc. #49 in Case No. 3:13-cr-179. He recommended that the motions be denied.

Petitioner again filed Objections. Doc. #108 in Case No. 3:10-cr-13; Doc. #52 in Case No. 3:13-cr-179. On January 8, 2016, Magistrate Judge Merz issued a Supplemental Report and Recommendations, again recommending denial of the Motions for Reconsideration. Doc. #112 in Case No. 3:10-cr-13; Doc. #113 in Case No. 3:13-cr-179. Petitioner then filed Objections to the Supplemental Report and Recommendations. Doc. #113 in Case No. 3:10-cr-13; Doc. #57 in Case No. 3:13-cr-179.

II.   Objections to Reports and Recommendations

The district court must review *de novo* those portions of a Report and Recommendations to which timely objections are made. The court may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b). Although Magistrate Judge Merz has issued several Reports and Recommendations, and Petitioner has responded with several Objections, the relevant issues remain the same throughout. For the reasons set forth below, the Court sustains some, but not all, of Petitioner's Objections. Nevertheless, the Court agrees with Magistrate Judge Merz that the Motions for Reconsideration must be overruled, albeit for a few slightly different reasons.

A.   General Objections to Reports and Recommendations

1.   Lack of a Final Appealable Order

Petitioner's first argument may be disposed of rather quickly. The motion that he filed in state court was entitled "Motion to Find Judgment Entry Void in Part and a Non-Final Appealable Order." Judge Singer found that three of the four arguments raised in that motion were barred by *res judicata.* However, he sustained Defendant's Motion "on the third issue of post release control only." Doc. #97-1, PageID##228-29 in Case No. 3:10-cr-13; Doc. #41-1, PageID##308-09 in Case No. 3:13-cr-179.

Petitioner argues that, in light of the nature of the relief requested in the title of his motion, Judge Singer's Order must be interpreted to mean not only that the post-release-control portion of the state judgment entry was void, but also that

5

there had never been a "final, appealable order." Petitioner then argues that, because there was never a "final, appealable order," his state court conviction cannot be used to enhance any of his federal sentences. On a related note, he argues that, because no corrected, "nonvoid" judgment entry has been issued in the state case, his conviction is still subject to attack on direct appeal.

Magistrate Judge Merz properly rejected these arguments. Judge Singer did not hold—explicitly or implicitly—that, because the post-release-control portion of the judgment entry was void, there was never a final appealable order. In fact, any such holding would have been contrary to Ohio law. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶¶37-39 (explicitly rejecting this same argument). Invalidating the post-release control portion of the judgment entry did not reopen the whole judgment for appeal. Rather, "only the offending portion of the sentence is subject to review and correction." *Id.* at ¶27. *Res judicata* applies to all other aspects of the conviction. *Id.* at ¶1.

Moreover, Judge Singer's order explicitly amended the defective judgment entry and, as Magistrate Judge Merz notes, neither party appealed that Order within the time allotted. Accordingly, Petitioner's state court conviction is no longer subject to direct attack. For these reasons, the Court OVERRULES Petitioner's Objections to this portion of the Reports and Recommendations.

    2.    **Forfeiture of Voidness Claim**

Petitioner also objects to Magistrate Judge Merz's finding that he forfeited the voidness issue by not raising it at his sentencing hearing on January 31, 2012.

6

Magistrate Judge Merz held that Petitioner "could have raised the voidness claim at the time of sentence and this Court could have decided the state law question." Doc. #112, PageID#288 in Case No. 3:10-cr-13, Doc. #56, PageID#368 in Case No. 3:13-cr-179. Petitioner maintains that *United States v. Aguilar-Diaz*, 626 F.3d 265, 269 (6th Cir. 2010), holds to the contrary. The Court SUSTAINS Petitioner's Objection on this point.

In *Aguilar-Diaz*, the Sixth Circuit addressed a similar situation. At his federal sentencing hearing, the defendant argued that a state conviction could not be considered in calculating the applicable guideline range, because the conviction was void given the state court's failure to properly impose post-release control. The court, however, found that this was an impermissible "collateral attack on a state conviction," and that defendant had to instead "pursue that claim through state channels for seeking post-conviction relief. . . If successful, he could then petition the district court to review his sentence in light of the state court judgment." *Id*. at 270. That is exactly what Petitioner has done here.

Because Petitioner was not permitted to challenge the post-release control of his state court judgment during his federal sentencing hearings, he did not forfeit the claim by failing to raise it at his January 31, 2012, sentencing hearing. The Court now turns to the question of whether Petitioner is entitled to resentencing in either of the <u>federal</u> cases.

7

### B. January 31, 2012, Sentencing in Case No. 3:10-cr-13

When Petitioner was sentenced in January of 2012, in Case No. 3:10-cr-13, the court, in calculating his Criminal History Category, assessed two criminal history points because Petitioner committed the federal offense while on post-release control in the <u>state</u> case. This gave him a total of 8 criminal history points and put him in Criminal History Category IV, which resulted in a guideline imprisonment range of 70-87 months. Finding that Category IV significantly over-represented the seriousness of past criminal conduct and the likelihood of recidivism, the Court reduced the Criminal History Category to III. With a net offense level of 23, this resulted in an advisory sentencing guideline range of 57 to 71 months. However, based in large part on Petitioner's extraordinary rehabilitation efforts, the Court imposed a sentence of time served, approximately 10 and one-half months, to be followed by 10 years of supervised release.

Petitioner argues that, in light of Judge Singer's July 22, 2015, Order, finding the post-release control portion of his state sentence to be void, his criminal history points must now be recalculated, and he must be resentenced on this federal charge. He notes that, as a general rule, "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson v. United States*, 544 U.S. 295, 303 (2005) (citing *Custis v. United States*, 511 U.S. 485 (1994)).

Magistrate Judge Merz found, however, that Petitioner's § 2255 motion to correct his sentence in Case No. 3:10-cr-13 was not timely filed. Section 2255 has a one-year statute of limitations, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

. . . or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final on February 14, 2012, fourteen days after the judgment was entered. *See* Fed. R. App. P. 4(b)(i). His § 2255 motion was not filed until October 5, 2015, more than three years later. Relying on § 2255 (f)(4), Petitioner maintains that the motion was timely because he was not able to discover the facts supporting his claim until Judge Singer issued his order on July 22, 2015. Petitioner's motion was filed within one year of that date.

Magistrate Judge Merz properly rejected this argument. In *Johnson*, the Supreme Court held that, for purposes of § 2255(f)(4), the one-year statute of limitations starts running when the defendant receives notice of the order vacating the predicate conviction. 544 U.S. at 308. The defendant, however, has a duty to diligently pursue such an order "as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." This typically happens on the date judgment is entered in the federal case. *Id.* If a defendant acts diligently "to obtain the state court order

9

vacating his predicate conviction," then the one-year statute of limitations begins running on the date he receives notice of the order vacating the predicate conviction. However, if a defendant fails to act diligently, "the fourth paragraph of § 2255 is unavailable." *Id.* at 310-11.

Magistrate Judge Merz correctly found that Petitioner has failed to demonstrate the requisite due diligence in challenging the post-release control portion of his state conviction, which dated back to 2000. Judgment in Case No. 3:10-cr-13 was entered on January 31, 2012, placing Petitioner in a position to realize that he had an interest in challenging the state conviction that he now alleges was used to enhance his sentence.[1] Yet he waited until July 2, 2015, to seek relief in state court.

As Magistrate Judge Merz noted, this was not a novel issue. In 2010, in *State v. Fischer*, the Supreme Court of Ohio held that when a judge fails to properly impose post-release control as part of a defendant's sentence, that portion of the sentence must be set aside as void. 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Therefore, as the court held in *Johnson*, "there is every reason to believe that prompt action would have produced a state vacatur order well over a year before he filed his § 2255 petition." 544 U.S. at 311. Because Petitioner

---

[1] Petitioner argues that, but for the two criminal history points assessed for committing the crime while on post-release control, the Court may have reduced his Criminal History Category even further, from IV to II, resulting in an advisory sentencing guideline range of 51-63 months. This is purely speculative. Moreover, as Magistrate Judge Merz pointed out, the actual sentence imposed—a sentence of time served, or approximately 10½ months—was actually even lower than that.

failed to diligently pursue this remedy, his § 2255 motion must be deemed untimely, even though it was filed within one year of Judge Singer's Order.

The Court therefore OVERRULES Petitioner's Objection with respect to Magistrate Judge Merz's finding that the § 2255 motion asking the Court to correct the sentence imposed on January 31, 2012, in Case No. 3:10-cr-13, was untimely filed. Petitioner's Motion for Reconsideration, Doc. #100 in Case No. 3:10-cr-13, is OVERRULED on this basis. Because this issue is dispositive, the Court need not address Petitioner's other Objections related to this particular sentence. Those Objections are OVERRULED AS MOOT.

### C. March 13, 2015, Sentencing in Case No. 3:13-cr-179

On March 13, 2015, in Case No. 3:13-cr-179, the Court imposed a 120-month sentence on the new drug trafficking charges, to be followed by a 10-year term of supervised release. Again, Petitioner argues that because his state court conviction, which has now been voided in part, was used to enhance this sentence, he is entitled to be resentenced. *See Johnson*, 544 U.S. at 303.

Petitioner's § 2255 motion filed in connection with this sentence was timely, having been filed within one year after the judgment became final. Nevertheless, the Court agrees with Magistrate Judge Merz that Petitioner is not entitled to the relief requested because the sentence imposed in Case No. 3:13-cr-179 was not affected in any way by the fact that Petitioner was or was not on post-release control in the state case when he committed the drug trafficking offense at issue in Case No. 3:10-cr-13.

In Case No. 3:13-cr-179, the advisory sentencing guideline range was 151 to 181 months, based on a net offense level of 29 and a Criminal History Category of VI. Petitioner's designation as a career offender significantly impacted the length of his sentence. That designation increased his offense level from 18 to 32; three levels were then deducted for acceptance of responsibility, bringing the net offense level to 29. The career offender designation also negatively impacted his Criminal History category. Manually calculated, Petitioner had 9 criminal history points, placing him at the top of Criminal History Category IV, which spans from 7-9 criminal history points. Two of those 9 points were attributed to the fact that he committed this new crime while on <u>federal</u> supervised release in Case No. 3:10-cr-13.[2] Notably, Petitioner would still have been in Criminal History Category IV regardless of whether these two points were assessed. In any event, because he was designated a career offender, his Criminal History Category was deemed to be VI. *See* U.S.S.G. §4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

In other words, Petitioner's career offender designation trumped any manual calculation of criminal history points. Petitioner was designated a career offender solely because he had two prior felony convictions involving a crime of violence or

---

[2] As Magistrate Judge Merz noted, the offense of conviction in 3:10-cr-13 required that Petitioner be placed on <u>federal</u> supervised release for at least three years. Therefore, he would have been on <u>federal</u> supervised release in November of 2013, when he committed the most-recent drug trafficking offense, regardless of whether the two criminal history points were assessed against him for committing the crime while on post-release control in the <u>state</u> case.

12

a controlled substance offense -- a 1992 state conviction for felonious assault, and the drug trafficking conviction in Case No. 3:10-cr-13. The fact that he committed the drug trafficking crime in Case No. 3:10-cr-13 while on post-control release in the 2000 case involving crack cocaine possession and tampering with evidence played no part in the career offender designation, and in no way lengthened the term of imprisonment. Accordingly, the fact that the post-release control portion of that state sentence has been deemed void provides no basis for reconsidering the 120-month sentence of imprisonment imposed in Case No. 3:13-cr-179.

Likewise, the fact that Petitioner was or was not on post-release control in the state case when he committed the crime that led to his conviction in Case No. 3:10-cr-13 played no part in the Court's decision to impose a 10-year term of federal supervised release in Case No. 3:13-cr-179. The Court is required to consider a defendant's overall criminal history, along with many other factors, in determining the length of a term of supervised release. *See* 18 U.S.C. § 3583(c). Nevertheless, in determining an appropriate term of supervised release, the Court is not required to calculate criminal history points; this is a much more generalized inquiry.

In this case, based on all of the relevant factors, the Court would have imposed a 10-year term of federal supervised release regardless of whether Petitioner committed the 2010 drug trafficking offense while on post-release control in the state case. Accordingly, the fact that the post-release control portion of the state sentence has been deemed void provides no basis for

reconsidering the 10-year term of <u>federal</u> supervised release imposed in Case No. 3:13-cr-179.

The Court therefore OVERRULES Petitioner's Objections concerning the imposition of the sentence imposed in Case No. 3:13-cr-179, and OVERRULES Petitioner's Motion for Reconsideration, Doc. #44 in Case No. 3:13-cr-179.

### D. March 13, 2015, Sentencing on Supervised Release Violation in Case No. 3:10-cr-13

The new drug trafficking crime at issue in Case No. 3:13-cr-179 was committed while Petitioner was on <u>federal</u> supervised release in Case No. 10-cr-13. Accordingly, at the hearing on March 13, 2015, the Court also revoked that supervised release and imposed a sentence of time served (414 days), to be served consecutively to the 120-month sentence imposed in Case No. 3:13-cr-179. The 414-day sentence was deemed to be "entirely served as of the date of the sentencing in 3:13cr179 (January 14, 2015)." Doc. #96, PageID#223, in Case No. 3:10-cr-13. The Court also re-imposed a 10-year period of supervised release (less the 414 days), to be served concurrently with the 10-year term of supervised release imposed in Case No. 13-cr-179.

The § 2255 motion to correct the sentence imposed for the <u>federal</u> supervised release violation was timely filed within one year after that conviction became final. Nevertheless, because Petitioner has already completely served the custodial portion of the sentence imposed (the 414 days), the Court can no longer grant any meaningful relief. *See United States v. Lewis*, 166 F. App'x 193, 195

(6th Cir. 2006). Accordingly, all Objections to the custodial portion of the sentence are OVERRULED AS MOOT.

Petitioner, however, may still challenge the unexpired term of <u>federal</u> supervised release re-imposed by the Court in connection with the supervised release violation.[3] *See United States v. Maken*, 510 F.3d 654, 656 n.3 (6th Cir. 2007) (noting that "[e]ven when an appellant has been released from custody, his case is not moot so long as the appeal 'potentially implicates' the length of the appellant's supervised release term.").

As previously noted, when Petitioner was sentenced on January 31, 2012, he was assessed two criminal history points for having committed that crime while on post-release control in the <u>state</u> case. This gave him 9 criminal history points and placed him in Criminal History Category IV. Had the Court not added these two criminal history points, thus reducing the total of points to 7, Petitioner still would have been in Criminal History Category IV which spans a range of 7 to 9 points. The Court, however, found that this overstated the seriousness of his criminal history and risk of recidivism. It therefore reduced his Criminal History Category to III. At the March 13, 2015, hearing on the supervised release violation, the Court noted that the advisory sentencing guideline imprisonment

---

[3] Because the new period of supervised release is to be served concurrently with the 10-year period of supervised release imposed in Case No. 3:13-cr-179, any challenge is largely academic, given that the Court has overruled Petitioner's Motion for Reconsideration in the latter case. Nevertheless, for the sake of completeness, the Court will address the argument.

15

range for the supervised release violation was 18-24 months, based on a Grade A violation and a Criminal History Category of III at the time of the original sentencing.

The relevant question is whether the original two-point assessment for committing the crime while on post-release control in the state case in any way lengthened the term of supervised release imposed by the Court for the supervised release violation. It did not.

Magistrate Judge Merz found that, by reducing Petitioner's Criminal History Category from IV to III, the Court "effectively eliminated the two-point assessment altogether." Doc. #98, PageID#235 in Case No. 3:10-cr-13. Petitioner objects to this reasoning. He speculates that, but for that two-point assessment, the Court, in imposing the original sentence, may have departed even *further*, down to a Criminal History Category II. This, in turn, might have affected the term of imprisonment for the supervised release violation. The sentencing guideline range for a Grade A violation and a Criminal History Category II is only 15-21 months. Notably, the sentence imposed was even lower than that, 414 days or approximately 13 1/2 months. Therefore, any reliance on the now-voided, post-release control portion of the state court judgment was harmless. Moreover, as previously noted, any objections to the *custodial* portion of the sentence imposed for the supervised release violation are moot.

Petitioner has not articulated how the two-point assessment may have affected the length of the term of *supervised release* imposed by the Court. The

16

law provides that when a court revokes a term of supervised release and sentences the defendant to a term of imprisonment, the court may include a requirement that defendant serve a re-imposed period of supervised release following that prison term. "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

The Court imposed a 10-year period of supervised release when Petitioner was originally sentenced on January 31, 2012, and, as discussed above, that sentence would have been the same even if Petitioner had not committed the crime while on state post-release control. On March 13, 2015, in connection with the supervised release violation, the Court re-imposed a 10-year period of supervised release, minus the 414 days, to be served concurrently with the new 10-year period of supervised release imposed in Case No. 3: 13-cr-179. Re-imposing a shorter term of supervised release would have eliminated any deterrent effect, and is not this Court's normal practice. It is pure speculation that the supervised release portion of the sentence would have been any shorter but for the fact that the Court concluded that Petitioner was on state post-release control when he committed the earlier federal crime.

For the reasons stated above, the Court OVERRULES Petitioner's Objections with respect to the March 13, 2015, sentence imposed for the supervised release violation, and OVERRULES the Motion for Reconsideration.

### III. Objection to Magistrate Judge's Decision and Order Denying Motions for Evidentiary Hearing

Petitioner also filed requests for an evidentiary hearing to resolve the issues raised in his Motions for Reconsideration. Doc. #109 in Case No. 3:10-cr-13; Doc. #53 in Case No. 3:13-cr-179. Magistrate Judge Merz denied those motions as untimely, given that the Court has already entered judgment on the § 2255 motions. Magistrate Judge Merz also again found that Petitioner forfeited any right to object to the two-point assessment given his failure to raise the "voidness" issue at the sentencing hearing. Doc. #110 in Case No. 3:10-cr-13; Doc. #54 in Case No. 3:13-cr-179.

Petitioner has filed Objections to the Order denying his motion for an evidentiary hearing. Citing *Aquilar-Diaz*, 626 F.3d at 269, he again argues that he was unable to attack his state felony conviction at his federal sentencing hearing. Doc. #114 in Case No. 3:10-cr-13; Doc. #58 in Case No. 3:13-cr-179. For the reasons set forth above, the Court SUSTAINS Petitioner's Objection on this limited point.

Nevertheless, the Court agrees with Magistrate Judge Merz that no evidentiary hearing is warranted. Petitioner has not pointed to any disputed facts and, as Magistrate Judge Merz noted, this Court's record and the applicable law indicate that Petitioner is not entitled to the relief requested. Accordingly, the Court OVERRULES Petitioner's Objections to the remainder of the Decision and Order Denying Motions for Evidentiary Hearing.

IV. Conclusion

For the reasons set forth above, the Court ADOPTS IN PART and REJECTS IN PART Magistrate Judge Merz's Report and Recommendations and Supplemental Report and Recommendations (Docs. ##105, 112 in Case No. 3:10-cr-13, and Docs. ##49, 56 in Case No. 3:13-cr-179). The Court SUSTAINS IN PART and REJECTS IN PART Petitioner's Objections to the same (Docs. ##102, 108, 113 in Case No. 3:10-cr-13; Docs. ##46, 52, 57 in Case No. 3:13-cr-179). The Court OVERRULES Petitioner's Motions for Reconsideration (Doc. #100 in Case No. 3:10-cr-13; Doc. #44 in Case No. 3:13-cr-179).

The Court SUSTAINS IN PART and OVERRULES IN PART Petitioner's Objections to Magistrate Judge Merz's Decision and Order Denying Motions for Evidentiary Hearing (Doc. #114 in Case No. 3:10-cr-13; Doc. #58 in Case No. 3:13-cr-179).

The above-captioned cases shall remain terminated on the Court's docket.

Date: June 28, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE