THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>    v.<br><br>MARK RUTLEDGE,<br>        Defendant. | :<br><br>:<br><br>:<br><br>: | Case No. 3:13-cr-00179<br><br>Judge Walter H. Rice |

ORDER OVERRULING MOTION FOR COMPASSIONATE RELEASE OF DEFENDANT MARK RUTLEDGE (DOC. #60) AS MOOT GIVEN DEFENDANT IS NO LONGER INCARCERATED

Before the Court is the Motion for Compassionate Release of Defendant Mark Rutledge. (Doc. #60). On March 13, 2015, Defendant was sentenced to 120 months imprisonment after pleading guilty to one count from the Indictment. (Judgment, Doc. #39, citing Indictment, Doc. #12). On October 13, 2021, Defendant filed the Motion under 18 U.S.C. § 3582(c)(1)(A), as amended by the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("First Step") Act of 2018, Pub. L. 115-391, 132 Stat. 5194. While the Motion was pending, Defendant was released on September 2, 2022.[1] A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984) (citation omitted). A motion for compassionate release seeks relief not

---

[1] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last accessed Jul. 1, 2024).

from the judgment *in toto*, but from the confinement imposed as part of the judgment. "When a prisoner is released from custody, the motion for compassionate release becomes moot because there is no further relief this Court can provide[,]" *United States v. Sanchez*, No. 16-cr-2077, 2021 WL 5999764, *1 (S.D. Cal. Dec. 17, 2021) (collecting cases), and there is no longer a "live" and redressable issue pending before the Court. *See, e.g.*, *United States v. Hernandez*, 845 F. App'x 921, 921 (11th Cir. 2021) (*per curiam*) ("Completion of a prison term moots a challenge to the term of confinement.").

As Defendant has completed his term of confinement, his Motion no longer presents a live case or controversy, and the Court is without jurisdiction to hear it. U.S. Const. art. III § 2. Accordingly, the Motion is OVERRULED AS MOOT.[2]

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

July 1, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Also, the Court, having considered the factors for granting compassionate release set forth in *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), concludes that Defendant would not have been eligible for release while he was incarcerated, as Defendant conceded that he had not waited thirty days to receive a response from his request for compassionate release from the Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A), and, thus, had not exhausted his administrative remedies at the time the Motion was filed. (Doc. #60, PAGEID 412); *see, e.g.*, *United States v. Bolze*, 460 F. Supp. 3d 697, 700 (E.D. Tenn. 2020) ("[D]efendant has failed to exhaust his administrative rights, which is a mandatory prerequisite to considering the merits of his request and thus a basis for denial.").

2